RECORD NO. 13-4866

# United States Court of Appeals
# For the Fourth Circuit

**UNITED STATES OF AMERICA,**

*Plaintiff-Appellee,*

v.

**NATHANIEL JAMAL FARMER,**

*Defendant-Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AT COLUMBIA**

**BRIEF OF APPELLANT**
Submitted Pursuant to *Anders v. California*

| | |
|---|---|
| Michael Chesser | John David Rowell, AUSA |
| Attorney at Law | US Attorney's Office |
| PO Box 1018 | 1441 Main Street, Ste. 500 |
| Aiken, South Carolina 29802-1018 | Columbia, South Carolina 29201 |
| (803) 646-1166 | (803) 929-3000 |
| chesserlaw@gmail.com | jd.rowell@usdoj.gov |
| *Counsel for Appellant* | *Counsel for Respondent* |

# Table of Contents

|  | Page |
|---|---|
| Table of Authorities | ii |
| Jurisdictional Statement | 1 |
| Statement of the Issues | 1 |
| Statement of the Case | 2 |
| Statement of Facts | 3 |
| Summary of Argument | 5 |
| Argument | 6 |
| Conclusion | 8 |
| Certificate of Compliance | 9 |
| Certificate of Service | 10 |

# Table of Authorities

**CASES:**
*Anders v. California*, 386 U.S. 738 (1967)     1, 5, 8
*United States v. Williams,* 29 F.3d 172 (4th Cir. 1994)     6

**United States Sentencing Guidelines**
U.S.S.G. § 4A1.2     7
U.S.S.G. § 4B1.1     1, 5, 7

**STATUTES:**
18 U.S.C. § 1962(d)     1
18 U.S.C. § 1963(a)     1
18 U.S.C. § 1291     1
18 U.S.C. § 3231     1
18 U.S.C. § 3742     1
21 U.S.C. § 851     4

# JURISDICTIONAL STATEMENT

This is an appeal from the conviction and sentence of Nathaniel Jamal Farmer. Farmer plead guilty on May 9th, 2013 of one count of Racketeering (RICO) Conspiracy in violation of 18 U.S.C. §§ 1962(d) and 1963(a), with the maximum sentence of twenty (20) years in prison. On October 10th, 2013, the trial judge imposed a sentence of 151 months.

Judgment was filed on October 11th, 2013. Notice of Appeal was filed *pro se* on November 18th, 2013, bearing a postmark of November 15th, 2013. This appeal follows.

Original jurisdiction was conferred upon the United States District Court pursuant to 18 U.S.C. §3231. Jurisdiction is conferred upon the Fourth Circuit Court of Appeals pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

# STATEMENT OF THE ISSUES

After diligent review of the record, counsel on appeal has determined that there are no non-frivolous issues on appeal. Counsel argues the classification of Farmer as a Career Offender for sentencing purposes under § 4B1.1 of the United States Sentencing Guidelines. Counsel submits this brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).

# STATEMENT OF THE CASE

In a superseding indictment filed November 20th, 2012, Farmer was charged as follows:

| Count of SS Indictment | Page(s) of SS Indictment | Offense Description | US Code Section(s) |
|---|---|---|---|
| 1 | pp. 3-32 and pp. 93-94 (special sentencing allegation) | Racketeering Conspiracy | 18 U.S.C. §§ 1962(d) and 1963(a) |
| 10 | pp. 44-45 | Conspiracy to distribute more than 280 grams cocaine base | 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A) |
| 11 | pp. 45-46 | PWID cocaine base | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) |
| 12 | pp. 45-46 | PWID cocaine base | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) |
| 15 | pp. 45-46 | PWID cocaine base | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) |
| 21 | p. 47 | Distribution cocaine base (and Aiding and Abetting) | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2 |
| 22 | p. 47 | Distribution cocaine base (and Aiding and Abetting) | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2 |
| 29 | p. 48 | Distribution cocaine base Within Proximity Playground | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 860 |
| 30 | p. 48 | Distribution cocaine base within proximity playground | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 860 |

| 48 | pp. 53-59 | Use of telephone facilitate commission of a felony, to wit, distribution of cocaine, base cocaine et al. (and Aiding and Abetting) | 21 U.S.C. § 843(b) and 18 U.S.C. § 2 |
|---|---|---|---|
| 49 | pp. 53-59 | Use of telephone facilitate commission of a felony, to wit, distribution of cocaine, base cocaine et al. (and Aiding and Abetting) | 21 U.S.C. § 843(b) and 18 U.S.C. § 2 |
| 50 | pp. 53-59 | Use of telephone facilitate commission of a felony, to wit, distribution of cocaine, base cocaine et al. (and Aiding and Abetting) | 21 U.S.C. § 843(b) and 18 U.S.C. § 2 |
| 123 | p. 86 | Possession of a firearm in furtherance of drug trafficking (and Aiding and Abetting) | 18 U.S.C. §§ 924(c) and 2 |

Farmer was arrested on July 11th, 2012 and detained. He pled guilty to Count 1, the Racketeering Conspiracy count, on May 9th, 2013. He was sentenced on October 10th, 2013 to 151 months. Judgment was filed October 11th, 2013. Notice of Appeal was filed on November 18th, 2013. This appeal follows.

## STATEMENT OF FACTS

This case involved the investigation and prosecution of the Columbia, South Carolina branch of the Bloods street gang. The Superseding Indictment alleged racketeering and associated drug and criminal activity from 1999 through 2012. The scope of the investigation and allegations was

vast. There were 33 named defendants in this superseding indictment. Mexican drug trafficking operation which transported large quantities of powder cocaine from California to Myrtle Beach, South Carolina. Farmer participated in the conspiracy from roughly 2003 until 2009. The Government established the underlying facts of this case by means of numerous historical witnesses, accomplices and co-defendants who were themselves arrested at different times and locations across the country.

Farmer was charged with racketeering, that is being a member of the Bloods street gang (with at least two overt criminal acts); conspiracy to distribute more than 280 grams of base cocaine; numerous substantive acts of distribution and possession with intent to distribute; several use of telephone charges; and significantly, a § 924(c) charge of possession of a weapon in furtherance of a drug trafficking crime.

Farmer's criminal history included two convictions for Possession With Intent to Distribute Cocaine, having been plead on the same date, but with two different arrest dates. PSR, ¶¶ 113-114, pp. 35-36. The Government noticed Farmer under 21 U.S.C. § 851, but as part of the plea agreement the Government agreed not to use these prior convictions to enhance the penalty for a plea to Count 1 (Racketeering). PSR, ¶ 9, p. 13. It

may be noted that Farmer was facing mandatory life under Count 10.   PSR, ¶ 180, p. 47.

At sentencing, the district court judge applied a variance, considering crack or cocaine base as the equivalent of cocaine, applying a 1 to 1 ratio. This reduced the offense level, causing the Career Offender minimum offense level of 32 to apply (for statutory offense with 20 year maximum sentence). U.S.S.G. § 4B1.1(b)(3); PSR ¶¶ 133-157 and 197; PSR pp. 41-43 and 49. With Acceptance of Responsibility under U.S.S.G § 3E1.1, the total offense level became 29, with a mandated Career Offender criminal history category of 6.   Thus the advisory Guideline range at sentencing was 151 to 188 months, after taking into account the variance based on a 1 to 1 ratio of base cocaine to cocaine. A sentence of 151 months was imposed.

## SUMMARY OF ARGUMENT

After diligent review, counsel has found no non-frivolous argument to challenge the conviction or sentence.   Counsel relies upon *Anders v. California*, 386 U.S. 738 (1967).   Counsel nevertheless submits the argument that the district court erred in classifying Farmer as a Career Offender for sentencing purposes under § 4B1.1 of the United States Sentencing Guidelines.

# ARGUMENT

**The district court erred in classifying Farmer as a Career Offender for sentencing purposes under § 4B1.1 of the United States Sentencing Guidelines.**

A. Standard of Review

The legal interpretation of a provision the United States Sentencing Guidelines, as a matter of law, is reviewed *de novo*. *United States v. Williams*, 29 F.3d 172 (4th Cir. 1994).

B.  Discussion of the Issue

Absent Farmer's classification as a Career Offender, his Total Offense Level would have been 26 (PSR ¶ 197; p. 49); and his Criminal History would have been Category IV (PSR ¶ 119; p. 37). (This is after the application of the 1:1 ratio variance granted by the district court.) Thus, Farmer's advisory Guideline range would have been 92 to 115 months. By contrast, as a Career Offender his Total Offense Level is 29 and his Criminal History Category is VI – yielding an advisory Guideline range of 151 to 188 months. Thus, Farmer was prejudiced, that is his sentence was affected by his classification as a Career Offender.

It should be noted that the plea agreement does contain a stipulation that the defendant will be classified as a Career Offender. Plea Agreement, ¶ 12, p. 9. However, the plea agreement contemplates further that this determination shall be

made by the judge at sentencing. *Id*. Farmer submits that the district court erred in determining that he was a Career Offender.

The two convictions which served as the basis for the Career Offender classification are described in the PSR, ¶¶ 113 and 114, pp. 34-35. They are both convictions for Possession with Intent to Distribute Cocaine. While the arrest dates are 4/7/2009 and 7/1/2009 respectively, the cases were plead on the same day, January 6th, 2010, for concurrent probationary sentences. What Farmer would point out, is that these two convictions were relevant conduct with respect to the underlying conduct of his conviction for Racketeering, within the meaning of U.S.S.G. §§ 4A1.2 and 4B1.1. Application Note 1 to U.S.S.G. 4A1.2 provides that a prior sentence "means a sentence … other than a sentence for conduct that is part of the instant offense…. Conduct that is part of the instant offense means conduct that is relevant conduct …." Application Note 3 to U.S.S.G. 4B1.2 provides that "The provisions of § 4A1.2 (Definitions and Instructions for Computing Criminal History) are applicable to the counting of convictions under § 4B1.1."

Therefore, convictions for conduct which are part of the instant offense cannot be predicate convictions for purposes of classification as a Career Offender. With respect to each of these two predicate convictions, the PSR specifies, "It is noted that this charge is part of the instant offense of conviction. ***Further, this conviction is a predicate offense for Career Offender purposes.***" PSR, ¶¶ 113 and

114, pp. 34-35 [emphasis in original].   See also pp. 93-94 of the Superseding Indictment, "Special Sentencing Allegations Relevant to Count 1", which makes clear that the Racketeering charge of Count 1 is in substance a drug conspiracy charge.   Farmer submits that these two convictions are indeed part of the instant offense of conviction and relevant conduct, as specified in the PSR, and hence cannot serve as predicate offenses for Career Offender purposes.*

## CONCLUSION

The sentence should be vacated and remanded for re-sentencing without Career Offender classification.

Counsel has diligently reviewed the record and found no non-frivolous arguments.   Pursuant to *Anders v. California*, 386 U.S. 738 (1967), counsel stands ready to brief any issue upon request of the Court of Appeals.

Respectfully submitted this 25th day of July, 2014.

                                                                        Michael Chesser
                                                                        PO Box 1018
                                                                        Aiken, SC 29802
                                                                        (803) 646-1166
                                                                        Fax (888) 908-5503
                                                                        chesserlaw@gmail.com
                                                                        Counsel for Appellant

*The two convictions should not have been scored for Criminal History purposes either, but Category IV would still result (7 points instead of 9).

# Certificate of Compliance

This Brief of Appellant has been prepared using:

Microsoft Word
Times New Roman
14 Point Type Space

EXCLUSIVE of the Table of Contents, Table of Authorities, the Certificate of Filing and Service, and this Certificate of Compliance, this Brief contains 8 pages. This Brief was prepared using Time New Roman 14 point text, double-spaced. I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions. If the Court so directs, I will provide an electronic version of the Brief and/or a copy of the word count or printout.

_____
Michael Chesser
PO Box 1018
Aiken, South Carolina 29802
 (803) 646-1166
Fax (888) 908-5503
chesserlaw@gmail.com
Counsel for Appellant

# Certificate of Service

I hereby certify that this 25th day of July, 2014, I caused this Brief of Appellant to be filed electronically with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

John David Rowell, AUSA
US Attorney's Office
1441 Main Street, Ste. 500
Columbia, South Carolina 29201
jd.rowell@usdoj.gov
(803) 929-3000

*Michael Chesser*
_____
Michael Chesser
PO Box 1018
Aiken, SC 29802
chesserlaw@gmail.com
(803) 646-1166
Counsel for Appellant